————o————

## No. 4518.

### (Court of Appeal, Parish of Orleans.)

### MONONGAHELA RIVER CONSOLIDATED COAL AND COKE COMPANY VS. UNION FERRY COMPANY.

1. The contracts of a President of a corporation who is intrusted with its general management will, when he is acting in this position and within the scope of the authority conferred. be binding upon the corporation.
2. The authority of an officer to bind a corporation in the management of its ordinary business may be fairly implied.
3. Art. 156 C. P. to the effect that "if one demands less than is due him, and does not amend his petition in order to augment the demand, he shall lose the overplus," relates to the reduction of an entire sum due, demandable and arising out of the same subject matter or cause of action. It has no concern with the right of a plaintiff to institute and maintain separate suits against the same defendant, when they are each founded on different causes of action.

Appeal from Civil District Court, Division "A."

Rice & Montgomery, for Plaintiff and Appellee.

F. E. Rainold, for Defendant and Appellant.

MOORE, J. This was a suit founded on a contract alleged to have been verbally entered into between the plaintiff and the defendant by which the former undertook to raise for the latter, certain coal sunk and lying in the bottom of the Mississippi River near the wharf at the head of Hospital Street in the city of New Orleans, for the price and sum of eight cents per barrel. The petition alleges that in accordance with said contract the plaintiff company did so raise and deliver to the defendant company 1,307 barrels of said coal, which at the price per barrel agreed on, aggregates the sum of $104.56, for which plaintiff prays judgment.

To this suit defendant company interposed the exception of res-adjudicata, which exception being overruled it filed its answer tendering the general issue and for further answer averred that "in no event could plaintiff recover in this suit because the entire liability of defendant towards plaintiff was liquidated and settled in the matter of No. 13943 United States District Court for the Eastern District of Louisiana, entitled Monongahela River Consolidated Coal & Coke Company vs. Union Ferry Company."

There was judgment for plaintiff for the above stated amount and defendant appeals. It appears that on the night of December 18, 1904, a ferry boat operated by the defendant and plying in the Mississippi River between the head of Barracks Street and Algiers, collided with and sunk a barge laden with coal, the property of plaintiff, the barge being then at the wharf at the head of Barracks Street.

Thereupon plaintiff presented a bill to the defendant for the damages occasioned by the collision, amounting to $1,425.75, and for the additional sum of $104.56 "for services for digging in salving coal, 1,307 barrels at 8 cents per barrel," thus making a total of $1,530.31.

Payment being refused plaintiff then filed a libel *in personam* against the defendant in the United States District Court for the Eastern District of Louisiana, sounding in damages for the value of the coal lost, alleging that the collision occurred through the fault, inattention, want of skill and neglect on the part of those in charge of the ferry boat and in navigating said

boat at a high rate of speed and out of the proper course of the river.

Subsequently and before any decree was entered on the libel, plaintiff instituted the instant suit claiming for its services rendered under its alleged contract with defendant, in digging up the coal. There was judgment in the United States Court in favor of the libellant for $960.00 which was found to be the amount of damages sustained by plaintiff. That suit had nothing to do with the alleged *contract* for raising the coal and the judgment rendered therein necessarily did not concern or effect that claim. It is this judgment, however, which is pleaded as res-adjudicata to the instant suit. It is manifest that the causes of action in the two suits are dissimilar. The libel was founded on a claim for damages resulting from a loss, whereas the instant suit has for its basis a contract for services rendered and entered into subsequent to the tort. The exception of res-adjudicata was, therefore, properly overrruled.

On the merits, although the evidence of the respective parties conflicts, we find that the plaintiff has established the contract by a preponderance of evidence and the judgment must be affirmed unless there is merit in the defendant's contention to the effect first that the President of the Defendant Company with whom the contract was made was without authority to make it, and second that forasmuch as the instant claim was not demanded in the libel, plaintiff must be deemed to have abandoned it.

But there is no merit in these contentions. First: The President of defendant's company with whom the contract was made had the general management of the affairs of the company and himself testifies that he was at all times authorized to make purchases of coal without referring the matter to the Board of Directors. This contract was made by him within the scope of his authority; it concerned a matter with regard to the management of the ordinary business of the corporation, *id est,* its usual running expenses and the authority of the President and General Manager to make such a contract binding upon the corporation may be fairly presumed even were it not shown that he had specifically this authority. "The authority of an officer to bind a corporation in the management of its

—27—

ordinary business may be fairly implied." Bank vs. Plow Co., 45 A. 1214.

."A general agent or general manager has power at common law to direct and contract in regard to the usual running expensese of the corporation," Cook on Corps 719.

Second: Appellant relies on Art. 156 C. P. for the support of his second contention. This article reads: "If one demand less than is due him and does not amend his petition in order to augment the demand, he shall lose the overplus." It is clear that this article relates to the reduction of an entire sum due and demandable from the same cause of action or subject matter. 2 R. 207; 25 A. 223; 29 A. 941; and that it has no concern with the right of a plaintiff to institute separate suits against the same defendant on demands founded on separate, different and distinct causes of action. In the instant cause the plaintiff company had two distinct and separate demands against defendant, each arising from different causes of action—one for damages for a tort—the other for the enforcement of a contract entered into subsequent to the commission of the tort. Whilst the plaintiff company might have cumulated the two causes of action in one suit it had the right nevertheless to bring separate actions. It preferred the action by way of libel, *in personam,* in a court of admiralty and maritime jurisdiction, in which to demand the damages due by defendant for the tort; and, to enforce its action on the contract it appealed to the local tribunals.

The demand in either court may not be considered as an abandonment of the demand in the other tribunal.

There is no error in the judgment appealed from and it is affirmed.